**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No: 1:15-cv-20109-ALTONAGA/O'Sullivan**

LD TECHNOLOGY LLC,

     Plaintiff,

vs.                                                                          **JURY TRIAL DEMANDED**

IMPETO MEDICAL SAS aka IMPETO
MEDICAL COMPANY, and IMPETO
MEDICAL, INC.,

     Defendants.

_____/

**DEFENDANT IMPETO MEDICAL SAS and IMPETO MEDICAL, INC.'S ANSWER TO
AMENDED COMPLAINT FOR DECLARATORY RELIEF AND UNFAIR
COMPETITION, COUNTERCLAIMS, AND DEMAND FOR JURY TRIAL**

     Defendants, IMPETO MEDICAL, SAS and IMPETO MEDICAL, INC. (collectively,

"Impeto"), hereby respond to Plaintiff, LD TECHNOLOGY, LLC's ("LD") Amended

Complaint (hereinafter, the "Amended Complaint") as follows:

**NATURE OF THE ACTION**

    1.    Impeto states as follows:

        a.    Impeto admits that LD has brought an action seeking declaratory relief of

non-infringement under 28 U.S.C. §§ 2201 and 2202 of U.S. Patent Nos. 8,655,443 ("the '443

Patent") and 8,918,170 ("the '170 Patent") (collectively, the "Patents-in-Suit"), but denies the

allegations of non-infringement by LD;

        b.    Impeto further admits that LD has brought an action seeking declaratory

relief of non-infringement of Impeto's SUDOSCAN® trademark by use of its SUDOPATH

mark, but denies the allegations of non-infringement and likelihood of confusion;

c.      Impeto further admits that LD is seeking damages relating to unfair competition, including monetary relief, but denies any wrongdoing or liability by Impeto;

d.      Impeto further admits that LD is seeking damages relating to deceptive and unfair trade practices under the Florida Deceptive and Unfair Trade Practices Act, but denies any wrongdoing or liability by Impeto;

e.      Impeto further admits that LD is seeking cancellation of Impeto's SUDOSCAN® trademark, but denies that any facts or law support such cancellation; and

f.      Impeto further admits that LD is seeking attorneys' fees and costs that may be recoverable, but denies any wrongdoing or liability by Impeto.

**THE PARTIES**

2.      Impeto lacks knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 2 of the Amended Complaint and therefore denies the same.

3.      Impeto admits the allegations set forth in paragraph 3 of the Amended Complaint.

4.      Impeto admits the allegations set forth in paragraph 4 of the Amended Complaint.

**JURISDICTION AND VENUE**

5.      Impeto admits that LD has brought an action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq.  Impeto Medical, SAS, further admits that it sent LD notification letters of LD's infringement of the Patents-in-Suit giving rise to an actual case or controversy under 28 U.S.C. § 2201 and 2202.  Impeto Medical, Inc., denies that it sent any letter to LD accusing LD of infringement, such that this Declaratory Judgment is improper against Impeto Medical, Inc.

6.      Impeto admits that this action arises under 35 U.S.C. § 1, et seq. and the Lanham Act, 15 U.S.C. § 1117, but denies any wrongdoing or liability by Impeto.

7.      Impeto admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and/or 1367.

8.      Impeto admits that this Court has personal jurisdiction over Impeto Medical, SAS. Impeto denies that this Court has personal jurisdiction over Impeto Medical, Inc.

9.      Impeto admits that venue is proper under 28 U.S.C. §§ 1391 and 1400(b) for Impeto Medical SAS.  Impeto denies that venue is proper under 28 U.S.C. §§ 1391 and 1400(b) for Impeto Medical, Inc.

10.     Impeto denies the allegations set forth in paragraph 10 of the Amended Complaint.

## BACKGROUND FACTS

11.     Impeto lacks knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 11 of the Amended Complaint, and therefore denies same.

12.     Impeto lacks knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 12 of the Amended Complaint, and therefore denies same.

13.     Impeto is unclear on the meaning of "bulk" but otherwise admits the allegations set forth in paragraph 13 of the Amended Complaint.

14.     Impeto admits the allegations set forth in paragraph 14 of the Amended Complaint.

15.     Impeto lacks knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 15 of the Amended Complaint, and therefore denies same.

16.     Impeto lacks knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 16 of the Amended Complaint, and therefore denies same.

## IMPETO'S DECEPTIVE AND UNFAIR TRADE PRACTICES

17.     Impeto admits the allegations set forth in paragraph 17 of the Amended Complaint.

18.     Impeto denies the allegations set forth in paragraph 18 of the Amended Complaint.

19.     Impeto denies the allegations set forth in paragraph 19 of the Amended Complaint.

20.     Impeto denies the allegations set forth in paragraph 20 of the Amended Complaint.

21.     Impeto denies the allegations set forth in paragraph 21 of the Amended Complaint.

22.     Impeto denies the allegations set forth in paragraph 22 of the Amended Complaint.

23.     Impeto denies the allegations set forth in paragraph 23 of the Amended Complaint.

Case No: 1:15-cv-20109-ALTONAGA/O'Sullivan

24.     Impeto denies the allegations set forth in paragraph 24 of the Amended Complaint.

25.     Impeto admits that LD sent the letter dated May 30, 2013, but denies any wrongdoing or liability by Impeto.

26.     Impeto admits that LD sent the letter dated May 30, 2013, but denies any wrongdoing or liability by Impeto.

27.     Impeto denies the allegations set forth in paragraph 27 of the Amended Complaint.

28.     Impeto admits that LD sent the letter dated May 30, 2013, but denies any wrongdoing or liability by Impeto.

29.     Impeto admits the allegations set forth in paragraph 29 of the Amended Complaint.

30.     Impeto admits that LD sent the letter dated August 19, 2013, but denies any wrongdoing or liability by Impeto.

31.     Impeto denies the allegations set forth in paragraph 31 of the Amended Complaint.

32.     Impeto denies the allegations set forth in paragraph 32 of the Amended Complaint.

33.     Impeto admits that the '443 Patent issued on February 18, 2014, and is entitled "Electrophysiological Analysis System."

34.     Impeto admits that the '170 Patent issued on December 23, 2014, and is entitled "Electrophysiological Analysis System."

35.    Impeto Medical, SAS, admits the allegations set forth in paragraph 35 of the Amended Complaint.  Impeto Medical, Inc. denies the allegations set forth in paragraph 35 of the Amended Complaint since Impeto Medical, Inc. has never accused Plaintiffs of infringing the patents owned by Impeto Medical, SAS.

36.    Impeto Medical, SAS, admits the allegations set forth in paragraph 36 of the Amended Complaint.  Impeto Medical, Inc., denies the allegations set forth in paragraph 36 of the Amended Complaint.

37.    Impeto admits the allegations set forth in paragraph 37 of the Amended Complaint.

38.    Impeto admits the allegations set forth in paragraph 38 of the Amended Complaint.

39.    Impeto admits that the '954 Patent issued on February 13, 2015, and is entitled "Assessment of Sudomor Function for Peripheral Diabetic Neuropathy Evaluation."

40.    Impeto denies the allegations set forth in paragraph 40 of the Amended Complaint regarding "ignoring" but admits that Impeto Medical SAS sent a letter to LD and Maarek on January 15, 2015 accusing them of infringing the '954 Patent..

41.    Impeto admits the allegations set forth in paragraph 41 of the Amended Complaint.

42.    Impeto denies the allegations set forth in paragraph 42 of the Amended Complaint.

43.    Impeto denies the allegations set forth in paragraph 43 of the Amended Complaint.

44.     Impeto denies the allegations set forth in paragraph 44 of the Amended Complaint.

45.     Impeto denies the allegations set forth in paragraph 45 of the Amended Complaint.

**Bad Faith Trademark Infringement Allegations**

46.     Impeto denies the allegations set forth in paragraph 46 of the Amended Complaint.

47.     Impeto Medical, SAS, admits the allegations set forth in paragraph 47 of the Amended Complaint.  Impeto Medical, Inc., denies the allegations set forth in paragraph 47 of the Amended Complaint since Impeto Medical, Inc. has never accused Plaintiffs of infringing the trademarks owned by Impeto Medical, SAS.

48.     Impeto admits the allegations set forth in paragraph 48 of the Amended Complaint.

49.     Impeto admits the allegations set forth in paragraph 49 of the Amended Complaint.

50.     Impeto denies the allegations set forth in paragraph 50 of the Amended Complaint.

51.     Impeto denies the allegations set forth in paragraph 51 of the Amended Complaint.

52.     Impeto denies the allegations set forth in paragraph 52 of the Amended Complaint.

53.     Impeto denies the allegations contained in paragraph 53 of the Amended Complaint.

54.     Impeto lacks knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 54 of the Amended Complaint, and therefore denies same.

55.     Impeto lacks knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 55 of the Amended Complaint, and therefore denies same.

## COUNT I

### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF PATENTS)

56.     Impeto incorporates the averments of paragraphs 1-56 as if fully set forth herein.

57.     Impeto denies the allegations set forth in paragraph 57 of the Amended Complaint.

58.     Impeto denies the allegations set forth in paragraph 58 of the Amended Complaint.

59.     Impeto denies the allegations set forth in paragraph 59 of the Amended Complaint.

60.     Impeto Medical, SAS, admits the allegations set forth in paragraph 60 of the Amended Complaint.  Impeto Medical, Inc., denies the allegations set forth in paragraph 60 of the Amended Complaint since Impeto Medical, Inc. has never accused Plaintiffs of infringing the patents owned by Impeto Medical, SAS.

61.     Impeto denies the allegations set forth in paragraph 61 of the Amended Complaint.

## COUNT II

## (DECLARATION (SIC) OF NON-INTERFERENCE WITH PATENT RIGHTS)

62.      Impeto incorporates the averments of paragraphs 1-55 as if fully set forth herein.

63.      Impeto Medical, SAS, admits the allegations set forth in paragraph 63 of the Amended Complaint.  Impeto Medical, Inc., denies the allegations set forth in paragraph 63 of the Amended Complaint since Impeto Medical, Inc. has never accused Plaintiffs of infringing the patents owned by Impeto Medical, SAS.

64.      Impeto denies the allegations set forth in paragraph 64 of the Amended Complaint.

## COUNT III

## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK)

65.      Impeto incorporates the averments of paragraphs 1-55 as if fully set forth herein.

66.      Impeto denies the allegations set forth in paragraph 66 of the Amended Complaint.

67.      Impeto denies the allegations set forth in paragraph 67 of the Amended Complaint.

68.      Impeto denies the allegations set forth in paragraph 68 of the Amended Complaint.

69.      Impeto denies the allegations set forth in paragraph 69 of the Amended Complaint.

70.      Impeto denies the allegations set forth in paragraph 70 of the Amended Complaint.

## COUNT IV

## (UNFAIR COMPETITION)

71.     Impeto incorporates the averments of paragraphs 1-55 as if fully set forth herein.

72.     Impeto denies the allegations set forth in paragraph 72 of the Amended Complaint.

73.     Impeto denies the allegations set forth in paragraph 73 of the Amended Complaint.

74.     Impeto denies the allegations set forth in paragraph 74 of the Amended Complaint.

75.     Impeto denies the allegations set forth in paragraph 75 of the Amended Complaint.

76.     Impeto denies the allegations set forth in paragraph 76 of the Amended Complaint.

77.     Impeto denies the allegations set forth in paragraph 77 of the Amended Complaint.

78.     Impeto denies the allegations set forth in paragraph 78 of the Amended Complaint.

79.     Impeto denies the allegations set forth in paragraph 79 of the Amended Complaint.

## COUNT V

## (FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT)

80.     Impeto incorporates the averments of paragraphs 1-55 and 71-79 as if fully set forth herein.

Case No: 1:15-cv-20109-ALTONAGA/O'Sullivan

81.      Impeto denies the allegations set forth in paragraph 81 of the Amended Complaint.

82.      Impeto denies the allegations set forth in paragraph 82 of the Amended Complaint.

83.      Impeto denies the allegations set forth in paragraph 83 of the Amended Complaint.

84.      Impeto denies the allegations set forth in paragraph 84 of the Amended Complaint.

**COUNT VI**

**(FALSE ADVERTISING AND UNFAIR COMPETITION UNDER 15 U.S.C. §1125)**

85.      Impeto incorporates the averments of paragraphs 1-55 and 71-84 as if fully set forth herein.

86.      Impeto denies the allegations set forth in paragraph 86 of the Amended Complaint.

87.      Impeto denies the allegations set forth in paragraph 87 of the Amended Complaint.

88.      Impeto denies the allegations set forth in paragraph 88 of the Amended Complaint.

89.      Impeto denies the allegations set forth in paragraph 89 of the Amended Complaint.

90.      Impeto denies the allegations set forth in paragraph 90 of the Amended Complaint.

## COUNT VII

### (CANCELLATION OF TRADEMARK)

91.     Impeto incorporates the averments of paragraphs 1-55 and 65-70 as if fully set forth herein.

92.     Impeto denies the allegations set forth in paragraph 92 of the Amended Complaint.

93.     Impeto denies the allegations set forth in paragraph 93 of the Amended Complaint.

94.     Impeto denies the allegations set forth in paragraph 94 of the Amended Complaint.

95.     Impeto denies the allegations set forth in paragraph 95 of the Amended Complaint.

96.     Impeto denies the allegations set forth in paragraph 96 of the Amended Complaint.

97.     Impeto Medical, SAS, admits the allegations set forth in paragraph 97 of the Amended Complaint.  Impeto Medical, Inc., denies the allegations set forth in paragraph 97 of the Amended Complaint since Impeto Medical, Inc. has never accused Plaintiffs of infringing the trademarks owned by Impeto Medical, SAS.

98.     Impeto denies the allegations set forth in paragraph 98 of the Amended Complaint.

99.     Impeto denies the allegations set forth in paragraph 99 of the Amended Complaint.

100.    Impeto denies the allegations set forth in paragraph 100 of the Amended Complaint.

## PRAYER FOR RELIEF

Impeto denies that LD is entitled to any of the relief sought in the Prayer for Relief.  LD has infringed, directly and indirectly, the Patents-in-Suit, either literally or by the doctrine of equivalents, willfully or otherwise.  LD is not entitled to any relief, including recovery of statutory damages, compensatory damages, enhanced damages, an accounting, injunctive relief, costs, fees, interest, supplemental, or any other type of recovery from Impeto.  LD's prayer should, therefore, be denied in its entirety and with prejudice, and LD should take nothing.

## IMPETO'S AFFIRMATIVE DEFENSES

Impeto alleges the following affirmative defenses to the claims set forth in LD's Complaint:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

LD's Amended Complaint fails to state a claim on which relief may be granted, including, but not limited to, failure of LD's Amended Complaint to meet the standards for pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

LD lacks standing to bring this action against Impeto Medical, Inc., since Impeto Medical, Inc., did not assert any patents or trademarks against LD.

## THIRD AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction)

This Court lacks personal jurisdiction over Impeto Medical, Inc.

## FOURTH AFFIRMATIVE DEFENSE
### (Doctrines of Unclean Hands, Laches, Undue Delay and/or Failure to Mitigate)

Upon information and belief, LD comes into this Action with unclean hands.  Further, some or all of Plaintiffs' claims for damages and other relief are barred by the doctrine of unclean hands, doctrine of laches, undue delay, and/or failure to mitigate.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Properly Plead)

LD's Complaint fails to properly plead at least Count IV.

## SIXTH AFFIRMATIVE DEFENSE
### (Patent Infringement)

U.S. Patent Nos. 8,655,443, 8,918,170, and 8,934,954 are valid and infringed by Plaintiff.

Case No: 1:15-cv-20109-ALTONAGA/O'Sullivan

## SEVENTH AFFIRMATIVE DEFENSE
### (Trademark Infringement)

U.S. Trademark Registration No. 4,181,325 for the mark SUDOSCAN® is valid and infringed by Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

There is no liability for false advertising and unfair competition since the alleged statements or comments made concerning LD were made in good faith and concern matters which affect the interest of the general public.  Further, the alleged statements concerning LD are factually correct, explicitly allowed by law, and/or not false, misleading, or unfair.

Impeto reserves the right to assert additional affirmative defenses and counterclaims after further investigation, including but not limited to additional defenses related to validity and enforceability.

Impeto reserves the right to add to, amend, or withdraw these affirmative defenses as their further investigation or discovery so dictates.

## COUNTERCLAIMS OF DEFENDANT IMPETO MEDICAL, SAS

This is an action for patent infringement, trademark infringement, and false advertising, in which Counterclaim Plaintiff, IMPETO MEDICAL, SAS ("Impeto Medical SAS"), makes the following allegations against Counterclaim Defendants, LD TECHNOLOGY, LLC ("LD") and ALBERT MAAREK ("Maarek") (collectively "Counterclaim Defendants"):

Case No: 1:15-cv-20109-ALTONAGA/O'Sullivan

## PARTIES

1.      Impeto Medical SAS, is a French corporation having its principal place of business at 17 rue Campagne Premiere, 75014 Paris, France.

2.      Upon information and belief, Counterclaim Defendant LD is a Florida Limited Liability Company with its principal place of business at 100 N. Biscayne Boulevard, Suite 502, Miami, Florida 33132.

3.      Upon information and belief, LD conducts business in this judicial district and elsewhere throughout the United States.  LD may be served with process through its registered agent Jade Associates Miami Inc., 100 N. Biscayne Boulevard, Suite 502, Miami, Florida 33132.

4.      Upon information and belief, Counterclaim Defendant Maarek is an individual residing at 6900 Maynada Street, Coral Gables, Florida 33146-3739, and is an officer and owner of LD at 100 N. Biscayne Boulevard, Suite 502, Miami, Florida 33132.


## NATURE OF THE ACTION

5.      This is a civil action for patent infringement of United States Patent Nos. 8,655,443 ("the '443 Patent"), 8,918,170 ("the '170 Patent") and 8,934,954 ("the '954 Patent") (attached as Exhibits A, B, and C) under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

6.      This is a civil action arising under the United States Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*, (hereinafter "the Lanham Act"), for infringement of federally registered trademarks and service marks (35 U.S.C. § 1114).

7.      This is a civil action for Federal Unfair Competition arising under 15 U.S.C. § 1125(a)(1)(A).

Case No: 1:15-cv-20109-ALTONAGA/O'Sullivan

8.     This is a civil action for False or Misleading Advertising arising under 15 U.S.C. § 1125(a)(1)(B)).

9.     This is a civil action arising under the Florida Deceptive and Unfair Trade Practices Act, Florida Statutes § 501.

10.    This is a civil action for Florida common law trademark infringement.

11.    This is a civil action for cancellation and/or abandonment of a federal Trademark Application under 15 U.S.C. § 1119.

## JURISDICTION AND VENUE

12.    This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent and trademark laws of the United States, including 35 U.S.C. § 271 et seq., and supplemental jurisdiction over claims arising under Florida state law pursuant to 28 U.S.C. § 1367(a).

13.    On information and belief, Counterclaim Defendant LD is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Florida Long Arm Statute, due at least to its substantial business in this forum, including (i) making, using, selling, offering for sale or importing, and/or inducing same of others, and/or contributing to the same of others, for at least a portion of the infringements alleged herein;  (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Florida and in this District; (iii) engaging in trademark infringement in regular sales or solicitation of business for goods and services provided to individuals in Florida and in this District; and (iv) directing its false assertions in advertisements of goods and services to individuals in Florida and in this District.

Case No: 1:15-cv-20109-ALTONAGA/O'Sullivan

14.     On information and belief, Counterclaim Defendant LD is further subject to this Court's personal jurisdiction in that Counterclaim Defendant LD is incorporated and has its principle place of business in the state of Florida and this District.

15.     On information and belief, this Court has personal jurisdiction over Counterclaim Defendant Maarek in that Counterclaim Defendant Maarek is domiciled in and/or engaged in substantial business and/or has committed tortious acts within the state of Florida and this District.

16.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).   On information and belief, each of the Counterclaim Defendants has transacted business in this District, and has committed acts of patent and trademark infringement, Federal Unfair Competition, false or misleading advertising, Florida Common Law Unfair Competition, Florida Common Law Trademark Infringement, improper application for a Federal Trademark, and misappropriation of trade secrets, in this District.

## JOINDER

17.     Joinder of Counterclaim Defendant LD and Counterclaim Defendant Maarek is proper under 35 U.S.C. §299 because Counterclaim Defendants collectively advertise, make, use, offer for sale, and/or sell infringing products, at least to include the product referenced by Counterclaim Defendants as the "SudoPath System," in this district and questions of fact are common as to the Counterclaim Defendants in this action.   Upon information and belief, Counterclaim Defendant Maarek is an officer and owner of Counterclaim Defendant LD Technology and has authority over decisions regarding the company, and/or personally offers for sale, sells, advertises, and/or induces others to infringe and falsely advertise.   Upon information

and belief, Counterclaim Defendant LD is merely the "alter ego" or "instrumentality" of Counterclaim Defendant Maarek. Upon information and belief, Counterclaim Defendant Maarek attends trade shows and other events advertising, offering for sale, and/or selling LD's products. Upon information and belief, Counterclaim Defendant Maarek further induces others to advertise, offer for sale, and/or sell LD's infringing products.

## BACKGROUND

18.     Impeto Medical SAS, either directly or through its U.S. subsidiary, manufactures and sells medical devices, namely, devices for the assessment of sweat dysfunction, peripheral neuropathy, autonomic neuropathy and diabetes complications, through measurement of galvanic skin response.

19.      Impeto Medical SAS's **SUDOSCAN**® device was first approved by the U.S. Food and Drug Administration (FDA) on or about June 14, 2010 under 510(k) No. K100233 and again received FDA approval on or about November 21, 2014 under 510(k) No. K141872. *See* Exhibits D and E.

### *IMPETO MEDICAL SAS'S PATENTS*

20.     United States Patent No. 8,655,443 ("the '443 Patent"), titled "Electrophysiological Analysis System," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on February 18, 2014. *See* Exhibit A.

21.     United States Patent No. 8,918,170 ("the '170 Patent"), titled "Electrophysiological Analysis System," was duly and legally issued by the USPTO on December 23, 2014. *See* Exhibit B.

22.     United States Patent No. 8,934,954 ("the '954 Patent"), titled "Assessment of Sudomor Function for Peripheral Diabetic Neuropathy Evaluation" was duly and legally issued by the USPTO on January 13, 2015.  *See* Exhibit C.

23.     Counterclaim Defendants have been put on notice through at least Impeto Medical SAS's marking of product with one or more of the '443, '170, and '954 Patents ("Patents-in-Suit").   Counterclaim Defendants have also been put on actual notice through Impeto Medical SAS's letters of December 23, 2014, and January 15, 2015. *See* Exhibits F and G.

24.     Counterclaim Defendants continued to make, use, sell, offer to sell, and/or import devices, after their receipt of Impeto Medical SAS's December 23, 2014 and January 15, 2015 letters.

25.     Impeto Medical SAS is the assignee of and sole owner of all right, title and interest in the Patents-in-Suit and possesses all rights to sue and recover for any current or past infringement of the Patents-in-Suit.

***IMPETO'S TRADEMARK***

26.     Prior to the Counterclaim Defendants' activities that are the subject of these Counterclaims, Impeto Medical SAS, either directly or through its U.S. subsidiary, first adopted, federally registered, and began using the mark **SUDOSCAN®** to identify its products in U.S. interstate commerce.   Since then, Impeto Medical SAS, either directly or through its U.S. subsidiary, has extensively and continuously employed the **SUDOSCAN®** mark in interstate commerce throughout the United States.

Case No: 1:15-cv-20109-ALTONAGA/O'Sullivan

27.     Impeto Medical SAS has sought and been awarded the following United States federal registration to protect its **SUDOSCAN**® trademark:

| MARK | REGISTRATION DATE | REGISTRATION NUMBER | REGISTERED GOODS |
|------|-------------------|---------------------|------------------|
| **SUDOSCAN** | July 31, 2012 | 4,181,325 | Medical apparatus, namely, apparatus for the assessment of sweat dysfunction, peripheral neuropathy, autonomic neuropathy and diabetes complications, through measurement of galvanic skin response. |

28.     A copy of the above federal registration for the **SUDOSCAN**® mark is attached hereto as Exhibit H.

29.     The federal registration for the **SUDOSCAN**® mark is in full force and effect, and has been in continuous use in U.S. interstate commerce.

30.     The federal registration for the **SUDOSCAN**® mark constitutes constructive notice to Counterclaim Defendants of Impeto Medical SAS's ownership of the **SUDOSCAN**® mark in connection with goods identified in the registration.

31.     Upon information and belief, Counterclaim Defendants knew of Impeto Medical SAS's **SUDOSCAN**® mark before Counterclaim Defendants began using their SUDOPATH mark on medical devices in U.S. interstate commerce.

Case No: 1:15-cv-20109-ALTONAGA/O'Sullivan

*COUNTERCLAIM DEFENDANTS' UNLAWFUL ACTIVITIES*

32.   Upon information and belief, Counterclaim Defendants advertise, make, use, offer for sale, and/or sell a variety of devices for the assessment of sweat dysfunction, peripheral neuropathy, autonomic neuropathy and diabetes complications, through measurement of galvanic skin response.

33.   Upon information and belief, LD is merely the "alter ego" or "instrumentality" of its officer and owner, Maarek.  Upon information and belief, Maarek, for example and not by way of limitation, is listed as the owner of Trademark Application Serial No. 86/210063 for the SUDOPATH mark.  Upon information and belief, Maarek has not assigned any trademark rights to LD.  See Exhibits I and J.

34.   Upon information and belief, Counterclaim Defendant LD maintains, or has others maintain for its benefit, an internet website at URL address http://www.ldteck.com on which LD advertises, offers for sale, and/or sells a variety of devices, including a device that LD refers to under the name SUDOPATH.

35.   Upon information and belief, Counterclaim Defendants have made, used, offered for sale, sold, and/or imported in the United States a particular device, advertised as the SUDOPATH system, which infringes one or more of Impeto SAS's Patents-in-Suit and trademark.

36.   Counterclaim Defendant LD's SUDOPATH system received FDA approval on or about June 28, 2013 under 510(k) No. K131568 by claiming that the SUDOPATH system "has the same intended use," uses the same manufacturing process, "[h]as the same material used in accessories," has the same "Fundamental Scientific Technology," and has the same "prescription use" as the EIS-GS also produced, marketed, and sold by LD.   *See* Exhibit K, page 3.

37.     Counterclaim Defendants' EIS-GS System received FDA approval on or about December 10, 2010 under 510(k) No. K102166 by claiming that the "SUDOSCAN 510(k) Number 100223: Manufacturer – Impeto Medical, 17 rue Campagne Premiere, 75014 PARIS, France" is the "Predicate legally marketed device" and "Substantial equivalence Predicate legally marketed device" for the EIS-GS System, and the EIS-GS System has the "[s]ame intended use and same technology" as the **SUDOSCAN**® device produced, marketed, and sold by Impeto Medical SAS.  *See* Exhibit L, pages 2 and 4.

38.     Upon information and belief, Counterclaim Defendants began using the mark SUDOPATH in U.S. interstate commerce on or after February 3, 2014.

39.     Upon information and belief, Counterclaim Defendants began using the mark SUDOPATH in Florida commerce on or after February 3, 2014.

40.     Counterclaim Defendants have adopted and are using the mark SUDOPATH to label one or more of its devices for the assessment of sweat dysfunction, peripheral neuropathy, autonomic neuropathy and diabetes complications, through measurement of galvanic skin response, which infringes Impeto Medical SAS's federally registered trademark **SUDOSCAN**®.

41.     Counterclaim Defendant LD's website uses the infringing SUDOPATH mark without Impeto Medical SAS's authorization or permission.

42.     Counterclaim Defendants' devices use the infringing SUDOPATH mark without Impeto Medical SAS's authorization or permission.

43.     In addition to Counterclaim Defendant LD's website, Counterclaim Defendants are at least using the infringing SUDOPATH mark in printed publications without Impeto Medical SAS's authorization or permission.  *See* Exhibit M.

44.     Counterclaim Defendants' advertising, offers for sale, and/or sales of the SUDOPATH system competes with Impeto Medical SAS's **SUDOSCAN**® business in Florida and in the U.S.

45.     Counterclaim Defendants' advertising, offers for sale, and/or sales of the SUDOPATH system is causing immediate and irreparable harm to Impeto Medical SAS.

46.     On or about December 23, 2014, Impeto Medical SAS contacted Counterclaim Defendants by letter to inform them that Counterclaim Defendants' use of the infringing SUDOPATH mark is unauthorized, and to demand that Counterclaim Defendants stop using the infringing SUDOPATH mark.  Impeto Medical SAS further informed them that Counterclaim Defendants are infringing U.S. Patent Nos. 8,655,443 and 8,918,170, and to demand that Counterclaim Defendants cease and desist from such infringement.  *See* Exhibit F.

47.     Upon information and belief, Counterclaim Defendants continued to use the SUDOPATH mark in Florida and U.S. commerce after their receipt of the December 23, 2014 letter.

48.     On or about January 15, 2014, Impeto Medical SAS contacted Counterclaim Defendants by letter to inform them that Counterclaim Defendants are infringing U.S. Patent No. 8,934,954, and to demand that Counterclaim Defendants cease and desist from such infringement.  *See* Exhibit G.

49.     Counterclaim Defendants' use of the infringing SUDOPATH mark has created a likelihood of confusion as to the source, sponsorship, authorization, or affiliation of Counterclaim Defendants' products.

50.     Counterclaim Defendants' infringement of the Patents-in-Suit and Trademark has caused and will continue to cause Impeto Medical SAS damage and irreparable harm unless enjoined by this Court.

## IMPETO MEDICAL SAS'S FIRST CAUSE OF ACTION

*Infringement of U.S. Patent No. 8,655,443*

51.     Impeto Medical SAS incorporates by reference all previous allegations of this Counterclaim as if specifically set forth herein.

52.     Counterclaim Defendants have infringed, directly and indirectly, one or more claims of U.S. Patent No. 8,655,443 ("the '443 Patent"), literally and/or under the doctrine of equivalents, in this District and elsewhere in the United States, in violation of 35 U.S.C. § 271, by (i) making, using, selling, offering for sale, and/or importing components, assemblies, and/or devices that infringe one or more claims of the '443 Patent; and/or (ii) by contributing to and/or inducing infringement by others, by using, selling, offering for sale, and/or importing components, assemblies, and/or devices in a manner that infringes one or more claims of the '443 Patent, knowing that others will use the infringing products in an infringing manner, knowing that those products constitute a material part of the invention of the '443 Patent, knowing those products to be especially made or adapted to infringe the '443 Patent, knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use, and/or knowing and intending to encourage and facilitate those infringing uses of those infringing products through at least the creation and dissemination of instruction materials, product manuals, and/or technical manuals relating to the infringing products.  Upon information and belief, the infringing products include, but are not limited to, the devices

referenced by Counterclaim Defendants as the "SudoPath System." Upon information and belief, such infringement includes but is not limited to Claims 1-5, 7-9, 19, 20, 22, and 23 of the '443 Patent.

53.    Counterclaim Defendants' acts of infringement of the '443 Patent will continue, without authority or license, unless this Court enjoins Counterclaim Defendants' infringing activities.

54.    On information and belief, Counterclaim Defendants' continued infringement, without cessation, represents willful and deliberate conduct. Counterclaim Defendants' infringing activities, after the date of notice, constitute acts of willful infringement, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, an award of attorney's fees and costs, as such actions warrant an exceptional case pursuant to 35 U.S.C. § 285.

55.    Impeto Medical SAS has been, is being, and will continue to be damaged by Counterclaim Defendants' infringing activities. Impeto Medical SAS's harm resulting from Counterclaim Defendants' infringement includes harm that is irreparable and that cannot be remedied in its entirety by the recovery of money damages. Impeto Medical SAS does not have an adequate remedy at law.

**IMPETO MEDICAL SAS'S SECOND CAUSE OF ACTION**

*Infringement of U.S. Patent No. 8,918,170*

56.    Impeto Medical SAS incorporates by reference all previous allegations of this Counterclaim as if specifically set forth herein.

57.    Counterclaim Defendants have infringed, and continue to infringe, directly and indirectly, one or more claims of U.S. Patent No. 8,918,170 ("the '170 Patent"), literally and/or

under the doctrine of equivalents, in this District and elsewhere in the United States, in violation of 35 U.S.C. § 271, by (i) making, using, selling, offering for sale, and/or importing components, assemblies and/or devices that infringe one or more claims of the '170 Patent; and/or (ii) by contributing to and/or inducing infringement by others, by using, selling, offering for sale, and/or importing components, assemblies, and/or devices in a manner that infringes one or more claims of the '170 Patent, knowing that others will use the infringing products in an infringing manner, knowing that those products constitute a material part of the invention of the '170 Patent, knowing those products to be especially made or adapted to infringe the '170 Patent, knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use, and/or knowing and intending to encourage and facilitate those infringing uses of those infringing products through at least the creation and dissemination of instruction materials, product manuals, and/or technical manuals relating to the infringing products.  On information and belief, the infringing products include, but are not limited to, the devices referenced by Counterclaim Defendants as the "SudoPath System."  On information and belief, such infringement includes but is not limited to Claims 1-6, 8, 9, 17, and 19 of the '170 Patent.

58.     Counterclaim Defendants' acts of infringement of the '170 Patent will continue, without authority or license, unless this Court enjoins Counterclaim Defendants' infringing activities.

59.     On information and belief, Counterclaim Defendants' continued infringement, without cessation, represents willful and deliberate conduct.   Counterclaim Defendants' infringing activities, after the date of notice, constitute acts of willful infringement, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, an award of attorney's fees and costs, as such actions warrant an exceptional case pursuant to 35 U.S.C. § 285.

60.      Impeto Medical SAS has been, is being, and will continue to be damaged by Counterclaim Defendants' infringing activities. Impeto Medical SAS's harm resulting from Counterclaim Defendants' infringement includes harm that is irreparable and that cannot be remedied in its entirety by the recovery of money damages. Impeto Medical SAS does not have an adequate remedy at law.

## IMPETO MEDICAL SAS'S THIRD CAUSE OF ACTION

*Infringement of U.S. Patent No. 8,934,954*

61.      Impeto Medical SAS incorporates by reference all previous allegations of this Counterclaim as if specifically set forth herein.

62.      Counterclaim Defendants have infringed, directly and indirectly, one or more claims of U.S. Patent No. 8,934,954 ("the '954 Patent"), literally and/or under the doctrine of equivalents, in this District and elsewhere in the United States, in violation of 35 U.S.C. § 271, by (i) making, using, selling, offering for sale, and/or importing components, assemblies, and/or devices that infringe one or more claims of the '954 Patent; and/or (ii) by contributing to and/or inducing infringement by others, by using, selling, offering for sale, and/or importing components, assemblies, and/or devices in a manner that infringes one or more claims of the '954 Patent, knowing that others will use the infringing products in an infringing manner, knowing that those products constitute a material part of the invention of the '954 Patent, knowing those products to be especially made or adapted to infringe the '954 Patent, knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use, and/or knowing and intending to encourage and facilitate those infringing uses of those infringing products through at least the creation and dissemination of instruction

materials, product manuals, and/or technical manuals relating to the infringing products.  On information and belief, the infringing products include, but are not limited to, the devices referenced by Counterclaim Defendants as the "SudoPath System."  On information and belief, such infringement includes but is not limited to Claims 1-3 and 5-9 of the '954 Patent.

63.     Counterclaim Defendants' acts of infringement of the '954 Patent will continue, without authority or license, unless this Court enjoins Counterclaim Defendants' infringing activities.

64.     On information and belief, Counterclaim Defendants' continued infringement, without cessation, represents willful and deliberate conduct.  Counterclaim Defendants' infringing activities, after the date of notice, constitute acts of willful infringement, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, an award of attorney's fees and costs, as such actions warrant an exceptional case pursuant to 35 U.S.C. § 285.

65.     Impeto Medical SAS has been, is being, and will continue to be damaged by Counterclaim Defendants' infringing activities.  Impeto Medical SAS's harm resulting from Counterclaim Defendants' infringement includes harm that is irreparable and that cannot be remedied in its entirety by the recovery of money damages.  Impeto Medical SAS does not have an adequate remedy at law.

### IMPETO MEDICAL SAS'S FOURTH CAUSE OF ACTION

(15 U.S.C. § 1114)
*Trademark Infringement in Violation of the Lanham Act*

66.     Impeto Medical SAS incorporates by reference all previous allegations of this Counterclaim as if specifically set forth herein.

67.     Impeto Medical SAS owns U.S. Federal Trademark Registration No. 4,181,325 for the mark **SUDOSCAN**® used directly or through its U.S. subsidiary for Impeto Medical SAS's medical apparatus, namely, an apparatus for the assessment of sweat dysfunction, peripheral neuropathy, autonomic neuropathy and diabetes complications, through measurement of galvanic skin response (hereinafter, "Impeto Medical SAS's registered **SUDOSCAN**® mark"). *See* Exhibit H.

68.     Counterclaim Defendants' SUDOPATH system has infringed Impeto Medical SAS's registered **SUDOSCAN**® mark by using a colorable imitation of Impeto Medical SAS's mark in Counterclaim Defendants' product name and in advertising for the SUDOPATH system.

69.     Counterclaim Defendants' unauthorized use of the infringing SUDOPATH mark is likely to cause confusion, mistake, or deception under 15 U.S.C. § 1114 as to the affiliation, connection, or association of Counterclaim Defendants with Impeto Medical SAS, or as to the origin sponsorship, or approval by Impeto Medical SAS of Counterclaim Defendants' goods, services, or commercial activities.

70.     Upon information and belief, the Counterclaim Defendants' use of the infringing SUDOPATH mark on and in connection with goods and services that are identical or substantially identical to Impeto Medical SAS's is part of a deliberate scheme to trade on the valuable goodwill that has been established in the marks.

71.     Upon information and belief, Counterclaim Defendants have persuaded their customers, retailers, and/or distributers to unlawfully use Impeto Medical SAS's registered **SUDOSCAN**® mark without Impeto Medical SAS's permission and to identify Counterclaim Defendants' SUDOPATH system.  See Exhibits N, O, and P.

72.     Counterclaim Defendants' use of the infringing SUDOPATH mark enables Counterclaim Defendants to benefit unfairly from Impeto Medical SAS's reputation and success, thereby giving Counterclaim Defendants' infringing product sales and commercial value they would not have otherwise.

73.     Prior to Counterclaim Defendants' first use of the infringing SUDOPATH mark, Counterclaim Defendants were aware of Impeto Medical SAS's business and had either actual notice and knowledge, or constructive notice of, Impeto Medical SAS's registered **SUDOSCAN**® mark.

74.     Counterclaim Defendants' use of the infringing SUDOPATH mark is likely, if not certain, to deceive or to cause confusion or mistake among consumers as to the origin, sponsorship, or approval of the SUDOPATH system and/or to cause confusion or mistake as to any affiliation, connection, or association between Impeto Medical SAS and Counterclaim Defendants, in violation of 15 U.S.C. § 1114(a).

75.     On information and belief, Counterclaim Defendants' conduct has been willful, wanton, reckless, and without regard to Impeto Medical SAS's rights.

76.     On information and belief, Counterclaim Defendants have gained profits by virtue of Counterclaim Defendants' infringement of Impeto Medical SAS's registered **SUDOSCAN**® mark.

77.     Impeto Medical SAS will suffer and is suffering irreparable harm from Counterclaim Defendants' infringement of Impeto Medical SAS's registered **SUDOSCAN**® mark.  Impeto Medical SAS has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, confusion of potential customers, and good will flowing from Counterclaim Defendants' infringing activities.  Pursuant to 15 U.S.C. § 1116,

Impeto Medical SAS is entitled to an injunction against Counterclaim Defendants' continuing infringement of Impeto Medical SAS's registered **SUDOSCAN**® mark.   Unless enjoined, Counterclaim Defendants will continue the infringing conduct.

78.      As a result of Counterclaim Defendants' acts, Impeto is entitled to damages in an amount to be proven at trial, and injunctive relief.

## IMPETO MEDICAL SAS'S FIFTH CAUSE OF ACTION

(15 U.S.C. § 1125(a)(1)(A))
*Federal Unfair Competition in Violation of the Lanham Act*

79.      Impeto Medical SAS incorporates by reference all previous allegations of this Counterclaim as if specifically set forth herein.

80.      Impeto Medical SAS owns U.S. federal common law rights for the mark **SUDOSCAN** used for Impeto Medical SAS's medical apparatus, namely, an apparatus for the assessment of sweat dysfunction, peripheral neuropathy, autonomic neuropathy and diabetes complications, through measurement of galvanic skin response, and services related thereto (hereinafter, "Impeto Medical SAS's federal common law **SUDOSCAN** mark").

81.      Counterclaim Defendants' SUDOPATH system has infringed Impeto Medical SAS's federal common law **SUDOSCAN** mark by using a confusingly similar imitation of Impeto Medical SAS's mark in Counterclaim Defendants' product name and in advertising for the SUDOPATH system.

82.      Counterclaim Defendants have used the infringing SUDOPATH mark in commerce to falsely represent, describe, and designate the origin of their products and services, and in a manner likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, and association of Counterclaim Defendants with Impeto Medical SAS, and the

origin, sponsorship, endorsement, or approval of Counterclaim Defendants' products and services in violation of § 43 of the Lanham Act, 15 U.S.C. § 1125.

83.    On information and belief, Counterclaim Defendants' conduct has been willful, wanton, reckless, and without regard to Impeto Medical SAS's rights in Impeto Medical SAS's federal common law **SUDOSCAN** mark.

84.    On information and belief, Counterclaim Defendants have gained profits by virtue of Counterclaim Defendants' infringement of Impeto Medical SAS's federal common law **SUDOSCAN** mark.

85.    Impeto Medical SAS will suffer and is suffering irreparable harm from Counterclaim Defendants' infringement of Impeto Medical SAS's federal common law **SUDOSCAN** mark.  Impeto Medical SAS has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, confusion of potential customers, and good will flowing from Counterclaim Defendants' infringing activities.  Pursuant to 15 U.S.C. § 1116, Impeto Medical SAS is entitled to an injunction against Counterclaim Defendants' continuing infringement of Impeto Medical SAS's federal common law **SUDOSCAN** mark.  Unless enjoined, Counterclaim Defendants will continue the infringing conduct.

86.    As a result of Counterclaim Defendants' acts, Impeto Medical SAS is entitled to damages in an amount to be proven at trial.

### IMPETO MEDICAL SAS'S SIXTH CAUSE OF ACTION

(15 U.S.C. § 1125(a)(1)(B))
*False or Misleading Advertising in Violation of the Lanham Act*

87.    Impeto Medical SAS incorporates by reference all previous allegations of this Counterclaim as if specifically set forth herein.

88.     Counterclaim Defendants have falsely and/or misleadingly advertised in U.S. interstate commerce to the detriment of Impeto Medical SAS.  For example, and not by way of limitation, such false or misleading advertising includes Counterclaim Defendants' website which falsely represented in commercial advertising that they own a "patented signal processing analysis" and a "patented process measurement of Sudopath."  See Exhibit Q and R.

89.     After receiving the December 23, 2014 and January 15, 2015 letters from Impeto Medical SAS, Counterclaim Defendants modified their website to include PCT Publication No. WO2004/043247 under the words "Patented Process measurement of Sudopath."   Upon information and belief, PCT Publication No. WO2004/043247 has not been patented nor has the disclosed process received any patent rights.  See Exhibit S.

90.     Upon information and belief, Counterclaim Defendants, have no issued U.S. patents.

91.     In a further example, and not by way of limitation, such false or misleading advertising includes a press release of February 12, 2015 from Counterclaim Defendants (hereinafter, the "press release") which falsely states that "P. Brunswick and Impeto improperly used information from A. Maarek that was the subject of a Non-Disclosure Agreement that P. Brunswick signed with A. Maarek."  See Exhibit T.

92.     A French court previously ruled, however, that neither P. Brunswick nor Impeto (nor others associated therewith) violated any Non-Disclosure Agreement or other rights alleged by A. Maarek nor his company.  In fact, the French court ruled that A. Maarek must reimburse P. Brunswisk and Impeto their attorneys' fees for such.

93.     Counterclaim Defendants' false or misleading statements constitute a "false or misleading representation of fact, which … misrepresents the nature, characteristics, [or]

qualities" of Counterclaim Defendants' products and services, and Impeto Medical SAS's products and services, in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

94.    On information and belief, Counterclaim Defendants' conduct has been willful, wanton, and reckless.

95.    On information and belief, Counterclaim Defendants have gained profits by virtue of Counterclaim Defendants' false or misleading statements.

96.    Impeto Medical SAS will suffer and is suffering irreparable harm from Counterclaim Defendants' false or misleading statements.  Impeto Medical SAS has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, confusion of potential customers, and good will flowing from Counterclaim Defendants' false or misleading statements.  Unless enjoined, Counterclaim Defendants will continue to make the false or misleading statements.

97.    As a result of Counterclaim Defendants' acts, Impeto Medical SAS is entitled to damages in an amount to be proven at trial.

### IMPETO MEDICAL SAS'S SEVENTH CAUSE OF ACTION

(Florida Statutes § 501)
*Florida Deceptive and Unfair Trade Practices Act*

98.    Impeto Medical SAS incorporates by reference all previous allegations of this Counterclaim as if specifically set forth herein.

99.    Impeto Medical SAS owns Florida common law rights for the mark **SUDOSCAN** used for Impeto Medical SAS's medical apparatus, namely, an apparatus for the assessment of sweat dysfunction, peripheral neuropathy, autonomic neuropathy and diabetes complications,

through measurement of galvanic skin response, and services related thereto (hereinafter, "Impeto Medical SAS's Florida common law **SUDOSCAN** mark").

100.    Counterclaim Defendants' SUDOPATH system has infringed Impeto Medical SAS's Florida common law **SUDOSCAN** mark by using a variation of Impeto Medical SAS's mark in Counterclaim Defendants' product name and in advertising for the SUDOPATH system constituting "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce" in violation of Florida Statute § 501.204.

101.    Counterclaim Defendants have used or, upon information and belief, induced others to use both Impeto Medical SAS's Florida common law **SUDOSCAN** mark and the infringing SUDOPATH mark in commerce to falsely represent, describe, and designate the origin of their products and services, and in a manner likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, and association of Counterclaim Defendants with Impeto Medical SAS, and the origin, sponsorship, endorsement, or approval of Counterclaim Defendants' products and services, and constitutes unfair competition in violation of the common law of Florida and Florida's Deceptive and Unfair Trade Practices Act.

102.    Counterclaim Defendants have made false or misleading statements constituting false or misleading representations of fact, which misrepresent the nature, characteristics, and/or qualities of Counterclaim Defendants' products and services and Impeto Medical SAS's products and services and have constituted "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce" in violation of Florida Statute § 501.204.

Case No: 1:15-cv-20109-ALTONAGA/O'Sullivan

103.    On information and belief, Counterclaim Defendants' conduct has been willful, wanton, reckless, and without regard to Impeto Medical SAS's rights in Impeto Medical SAS's Florida common law **SUDOSCAN** mark.

104.    On information and belief, Counterclaim Defendants' false or misleading statements have been willful, wanton, and reckless.

105.    On information and belief, Counterclaim Defendants have gained profits by virtue of Counterclaim Defendants' infringement of Impeto Medical SAS's Florida common law **SUDOSCAN** mark.

106.    On information and belief, Counterclaim Defendants have gained profits by virtue of Counterclaim Defendants' false or misleading statements.

107.    Impeto Medical SAS will suffer and is suffering irreparable harm from Counterclaim Defendants' infringement of Impeto Medical SAS's **SUDOSCAN** markand false or misleading statements.  Impeto Medical SAS has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, confusion of potential customers, and good will flowing from Counterclaim Defendants' infringing activities.  Impeto Medical SAS is entitled to an injunction against Counterclaim Defendants' continuing infringement of Impeto Medical SAS's Florida common law **SUDOSCAN** mark.  Unless enjoined, Counterclaim Defendants will continue the infringing conduct and will continue to make the false or misleading statements.

108.    As a result of Counterclaim Defendants' acts, Impeto Medical SAS is entitled to damages in an amount to be proven at trial.

## IMPETO MEDICAL SAS'S EIGHTH CAUSE OF ACTION

### *Florida Common Law Trademark Infringement*

109.     Impeto Medical SAS incorporates by reference all previous allegations of this Counterclaim as if specifically set forth herein.

110.     Impeto Medical SAS owns Florida common law rights for the mark **SUDOSCAN** used for Impeto Medical SAS's medical apparatus, namely, an apparatus for the assessment of sweat dysfunction, peripheral neuropathy, autonomic neuropathy and diabetes complications, through measurement of galvanic skin response (hereinafter, "Impeto Medical SAS's Florida common law **SUDOSCAN** mark"), through Impeto Medical SAS's actual and continuous use of the **SUDOSCAN** mark in commerce in Florida.

111.     Through Impeto Medical SAS's direct or indirect use of Impeto Medical SAS's Florida common law **SUDOSCAN** mark in association with Impeto Medical SAS's medical apparatus, Impeto Medical SAS's Florida common law **SUDOSCAN** mark has acquired a special significant as the name of Impeto Medical SAS's medical apparatus marketed and sold by or on behalf of Impeto Medical SAS in the medical field.

112.     Impeto Medical SAS's Florida common law **SUDOSCAN** mark is inherently distinctive and has, by actual usage, acquired in the medical field, a meaning indicating, describing, and identifying Impeto Medical SAS as the source of Impeto Medical SAS's medical apparatus.

113.     Counterclaim Defendants' SUDOPATH system has infringed Impeto Medical SAS's Florida common law **SUDOSCAN** mark by using a confusingly similar variation of Impeto Medical SAS's mark in Counterclaim Defendants' product name and in advertising for the SUDOPATH system in Florida.

114.    Counterclaim Defendants' unauthorized use of the infringing SUDOPATH mark as alleged is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Counterclaim Defendants with Impeto Medical SAS, or as to the origin, sponsorship, or approval by Impeto Medical SAS or Counterclaim Defendants' goods, services, or commercial activities and constitutes trademark infringement under Florida common law.

115.    Counterclaim Defendants' use of the infringing SUDOPATH mark enables Counterclaim Defendants to benefit unfairly from Impeto Medical SAS's reputation and success, thereby giving Counterclaim Defendants infringing product sales and commercial value they would not have otherwise.

116.    On information and belief, prior to Counterclaim Defendants' first use of the infringing SUDOPATH mark, Counterclaim Defendants were aware of Impeto Medical SAS's business and had either actual notice and knowledge, or constructive notice, of Impeto Medical SAS's Florida common law **SUDOSCAN** mark.

117.    Counterclaim Defendants' unauthorized use of the infringing SUDOPATH mark is likely, if not certain, to deceive or to cause confusion or mistake among consumers as to the origin, sponsorship or approval of Counterclaim Defendants' products and/or to cause confusion or mistake as to any affiliation, connection or association between Impeto Medical SAS and Counterclaim Defendants, in violation of common law principles of Florida.

118.    On information and belief, Counterclaim Defendants' conduct has been willful, wanton, reckless, and without regard to Impeto Medical SAS's rights in Impeto Medical SAS's Florida common law **SUDOSCAN** mark.

Case No: 1:15-cv-20109-ALTONAGA/O'Sullivan

119.    On information and belief, Counterclaim Defendants have gained profits by virtue of Counterclaim Defendants' infringement of Impeto Medical SAS's Florida common law **SUDOSCAN** mark.

120.    Impeto Medical SAS will suffer and is suffering irreparable harm from Counterclaim Defendants' infringement of Impeto Medical SAS's Florida common law **SUDOSCAN** mark. Impeto Medical SAS has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, confusion of potential customers, and good will flowing from Counterclaim Defendants' infringing activities. Impeto Medical SAS is entitled to an injunction against Counterclaim Defendants' continuing infringement of Impeto Medical SAS's Florida common law **SUDOSCAN** mark. Unless enjoined, Counterclaim Defendants will continue the infringing conduct.

121.    As a result of Counterclaim Defendants' acts, Impeto Medical SAS is entitled to damages in an amount to be proven at trial, and injunctive relief.

### IMPETO MEDICAL SAS'S NINTH CAUSE OF ACTION

*Cancellation and/or Abandonment of Counterclaim Defendant Maarek's Federal Trademark Application No. 86/210063*
(15 U.S.C. § 1119)

122.    Impeto Medical SAS incorporates by reference all previous allegations of this Counterclaim as if specifically set forth herein.

123.    Counterclaim Defendant Maarek purports to be the owner of U.S. federal Trademark Application Serial No. 86/210063 for SUDOPATH.

124.    A copy of Application Serial No. 86/210063 is attached hereto as Exhibit I.

Case No: 1:15-cv-20109-ALTONAGA/O'Sullivan

125.    Impeto Medical SAS is likely to be damaged by the registration of Counterclaim Defendant Maarek's federal Trademark Application Serial No. 86/210063 for SUDOPATH**,** in that the evidentiary effect of the registration tends to impair or weaken Impeto Medical SAS's rights in its **SUDOSCAN**® mark with Impeto Medical SAS's goods.

126.    Counterclaim Defendant Maarek's SUDOPATH application is likely to be confusing to consumers with Impeto Medical SAS's prior **SUDOSCAN**® registration.

127.    In Counterclaim Defendant Maarek's federal Trademark Application Serial No. 86/210063 for SUDOPATH, Maarek declared under oath that "to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive."

128.    On information and belief, Counterclaim Defendant Maarek was aware of Impeto Medical SAS's prior **SUDOSCAN**® registration and that the SUDOPATH mark is a confusing variation of Impeto Medical SAS's **SUDOSCAN**® mark and thus committed fraud on the U.S. Patent and Trademark Office by declaring that the SUDOPATH mark is not likely "to cause confusion or to cause mistake, or to deceive."

129.    Impeto Medical SAS is likely to be damaged by the registration of Counterclaim Defendant Maarek's federal Trademark Application Serial No. 86/210063 for SUDOPATH unless this Court orders the U.S. Patent and Trademark Office to cancel federal Trademark Application Serial No. 86/210063 or Counterclaim Defendant Maarek is ordered by this Court to expressly abandon his federal Trademark Application Serial No. 86/210063 for SUDOPATH.

Case No: 1:15-cv-20109-ALTONAGA/O'Sullivan

## IMPETO MEDICAL SAS'S PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiff Impeto Medical SAS respectfully requests that this Court enter judgment against Counterclaim Defendants LD Technology and Albert Maarek, as follows:

A.     Adjudging that the Counterclaim Defendants have directly infringed, literally or under the doctrine of equivalents, the Patents-in-Suit in violation of 35 U.S.C. § 271;

B.     Awarding Impeto Medical SAS damages to which it is entitled under 35 U.S.C. § 284 for Counterclaim Defendants' past infringement and any continuing or future infringement up until the date Counterclaim Defendants are finally and permanently enjoined from further infringement, and ordering a full account of same, jointly and severally;

C.     Awarding Impeto Medical SAS enhanced damages, up to and including trebling of Impeto Medical SAS's damages pursuant to 35 U.S.C. § 284, for Counterclaim Defendants' willful infringement of the Patents-in-Suit;

D.     Awarding Impeto Medical SAS attorneys' fees pursuant to 35 U.S.C. § 285, for Counterclaim Defendants' willful infringement of the Patents-in-Suit;

E.     Awarding Impeto Medical SAS pre-judgment and post-judgment interest on its damages;

F.     Preliminarily and permanently enjoining Counterclaim Defendants and their agents, servants, and employees, and anyone acting in concert with them, from directly or indirectly infringing, literally or under the doctrine of equivalents, the Patents-in-Suit;

G.     Determining that Counterclaim Defendants are liable, jointly and severally, to Impeto Medical SAS for trademark infringement in violation of 15 U.S.C. 1114;

Case No: 1:15-cv-20109-ALTONAGA/O'Sullivan

H.      Determining that Counterclaim Defendants are liable, jointly and severally, to Impeto Medical SAS for federal unfair competition in violation of 15 U.S.C. § 1125;

I.      Determining that Counterclaim Defendants are liable to Impeto Medical SAS for false or misleading advertising in violation of 15 U.S.C. § 1125(a)(1)(B);

J.      Ordering Counterclaim Defendants to undertake reparative advertising to correct Counterclaim Defendants false or misleading advertising;

K.      Determining that Counterclaim Defendants are liable, jointly and severally, to Impeto Medical SAS for violation of Florida Statutes § 501;

L.      Determining that Counterclaim Defendants are liable, jointly and severally, to Impeto Medical SAS for Florida common law trademark infringement;

M.      Ordering that federal Trademark Application Serial No. 86/210063 be cancelled or ordering that Counterclaim Defendant Maarek expressly abandon federal Trademark Application Serial No. 86/210063 prior to or after its issuance;

N.      Determining that Counterclaim Defendants' conduct has been willful and deliberate;

O.      Ordering Counterclaim Defendants to pay Impeto Medical SAS, jointly and severally: (1) Counterclaim Defendants' profits, (2) any damages sustained by Impeto Medical SAS, and (3) the cost of this action;

P.      Awarding Impeto Medical SAS treble damages due to Counterclaim Defendants' willful and deliberate conduct;

Q.      Determining that this case is "exceptional" per 15 U.S.C. § 1117(a);

R.      Preliminarily and permanently enjoining and restraining Counterclaim Defendants and their agents, servants, and employees, and anyone acting in concert with them, from directly

43

or indirectly using the SUDOPATH mark, the **SUDOSCAN**® mark, or any variations thereof, or any mark confusingly similar thereto in the United States;

S.       Ordering that all labels, signs, prints, packages, wrappers, receptacles, printed material and advertisements in the possession of Counterclaim Defendants bearing the SUDOPATH mark, the **SUDOSCAN**® mark, or any variations thereof, or any mark confusingly similar thereto, and all plates, molds, matrices, and other means of making the same, be turned over to Impeto Medical SAS for destruction; and

T.       Awarding Impeto Medical SAS such other and further relief in law or equity that the Court deems just and proper.

### <u>DEMAND FOR JURY TRIAL</u>

Impeto Medical SAS hereby demands a trial by jury on all claims and issues so triable.

Dated:  March 12, 2015                              Respectfully submitted,

                                        By:      s/  *Carlos A. Garcia*
                                                 Jordan S. Cohen
                                                 Florida Bar No. 551872
                                                 jcohen@wickersmith.com
                                                 Carlos A. Garcia
                                                 Florida Bar No. 99768
                                                 Cgarcia1@wickersmith.com
                                                 WICKER SMITH O'HARA
                                                 McCOY & FORD, P.A.
                                                 515 East Las Olas Boulevard
                                                 SunTrust Center, Suite 1400
                                                 P.O. Box 14460
                                                 Fort Lauderdale, FL 33302
                                                 (954) 487-4800
                                                 (954) 760-9353 Fax

                                                 *Attorneys for Impeto Medical, SAS, and Impeto Medical, Inc.*

44

Case No: 1:15-cv-20109-ALTONAGA/O'Sullivan

Of Counsel:

HARNESS, DICKEY & PIERCE, P.L.C.
Monte L. Falcoff (*Pro Hac Vice*)
George D. Moustakas (*Pro Hac Vice*)
Stephanie L. Dowdy (*Pro Hac Vice*)
5445 Corporate Drive, Ste. 200
Troy, MI 48098
(248) 641-1600
(248) 641-0270 Fax
mlfalcoff@hdp.com
gdmoustakas@hdp.com
sldowdy@hdp.com

Case No: 1:15-cv-20109-ALTONAGA/O'Sullivan

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 12, 2015, the foregoing document was filed with the Court and served by operation of the Court's electronic filing system on the following counsel of record:

Feldman Gale, P.A.
James A. Gale, jgale@feldmangale.com
Christina D. DeAngelis, cdeangelis@feldmangale.com
Javier Sobrado, jsobrado@feldmangale.com
One Biscayne Tower, Suite 3000
Two South Biscayne Boulevard
Miami, FL 33131

*Attorneys for Plaintiffs*

/s/ *Carlos A. Garcia*
Jordan S. Cohen
Florida Bar No. 551872
jcohen@wickersmith.com
Carlos A. Garcia
Florida Bar No. 99768
Cgarcia1@wickersmith.com
WICKER SMITH O'HARA
McCOY & FORD, P.A.
515 East Las Olas Boulevard
SunTrust Center, Suite 1400
P.O. Box 14460
Fort Lauderdale, FL 33302
(954) 487-4800
(954) 760-9353 Fax

*Attorneys for Defendants*

19300770.1