UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20109-CIV-ALTONAGA/O'SULLIVAN

LD TECHNOLOGY, LLC, a Florida corporation,
    Plaintiff,
v.

IMPETO MEDICAL SAS a.k.a. IMPETO
MEDICAL COMPANY, a French corporation,
and IMPETO MEDICAL, INC., a Delaware
corporation,
    Defendants.
_____/

IMPETO MEDICAL SAS a.k.a. IMPETO
MEDICAL COMPANY, a French corporation,
    Counter-Plaintiff

v.

LD TECHNOLOGY, LLC, a Florida corporation,
and DR. ALBERT MAAREK, an individual,
    Counter-Defendants
_____/

## ORDER

THIS MATTER is before the Court pursuant to the Defendants'/Counter-Plaintiff's Response to Plaintiff/Counter-Defendants' Demand for Privileged Communications (DE # 87, 1/12/16) and LD Technology and Dr. Maarek's Brief in Support of Demand for Privileged Communications (DE # 95, 1/19/16). Having reviewed the applicable filings and law, it is

ORDERED AND ADJUDGED that the undersigned finds that the subject documents are not privileged, and LD Technology and Dr. Maarek's request to receive the subject "privileged" communications from Impeto is GRANTED.

The communications that the Defendants'/Counter-Plaintiff's wish to withhold are

communications between an attorney licensed to practice law in the United States and foreign patent agents at a French company.

> If a communication with a foreign patent agent involves a U.S. patent application, then U.S. privilege law applies, and communications on that subject with a foreign patent agent are *not* privileged, unless the foreign agent is acting under the authority and control of a U.S. attorney, because such foreign agents are not attorneys entitled to practice United States law.

Bristol-Myers Squibb Co. V. Rhone-Poulenc Rorer, Inc., 1998 WL 158958 at *1 (emphasis in original) (S.D.N.Y. Apr. 2 1998).

The attorney licensed to practice law in the United States in this matter was not supervising or controlling the foreign agents.  See Declaration of Eric Hyman, ¶ 4. Moreover, counsel for Impeto indicated during a January 5, 2016, hearing that it was counsel's understanding that the title of the person on the other end of the communications in question was "patent agent".  Accordingly, the undersigned finds that the foreign patent agents at issue in this matter are not attorneys.

Impeto argues that the patent agents were supervised by foreign attorneys. Even if the foreign patent agents were supervised by foreign attorneys, the Court in Bristol-Myers Squibb Co. V. Rhone-Poulenc Rorer, Inc., 1998 WL 158958 (S.D.N.Y. Apr. 2 1998) made it clear that a foreign patent agent must be supervised by a licensed United States attorney for the privilege to apply.  Moreover, even if supervision by a foreign attorney over foreign agents was of consequence, Impeto has failed to present adequate support that the foreign patent agents were supervised by foreign attorneys.

In accordance with the foregoing, the undersigned finds that the subject communications sought by LD Technology and Dr. Maarek in this matter are not

privileged and shall be produced by Impeto on or before the close of business on Friday, February 5, 2016.

DONE AND ORDERED, in Chambers, at Miami, Florida, this 28th day of January, 2016.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
United States District Judge Altonaga
All Counsel of Record